**EXHIBIT 1**







19/2016-27867(1)

## АРБИТРАЖНЫЙ СУД ЗАБАЙКАЛЬСКОГО КРАЯ

672002 г. Чита, ул. Выставочная, 6
http://www.chita.arbitr.ru; e-mail: info@chita.arbitr.ru

### ОПРЕДЕЛЕНИЕ
о введении наблюдения

г. Чита                                                                      Дело №А78-4056/2015
01 апреля 2016 года

Резолютивная часть определения объявлена 31 марта 2016 года
Определение в полном объёме изготовлено 01 апреля 2016 года

Арбитражный суд Забайкальского края в составе судьи А.Е. Мацибора,
при ведении протокола судебного заседания помощником судьи Шеметовой Т.В.,
рассмотрев в открытом судебном заседании заявление общества с ограниченной ответственностью «Читинская металлическая компания» о признании несостоятельным (банкротом) открытого акционерного общества Горнодобывающая компания «Амазаркан»,
при участии в судебном заседании представителя общества с ограниченной ответственностью «Читинская металлическая компания» по доверенности от 16.11.2015 Мамедовой Н.Н.,
установил:

дело о банкротстве открытого акционерного общества Горнодобывающая компания «Амазаркан» (ОГРН 1077527001694, ИНН 7512004931, юридический адрес: 673732, Забайкальский край, г. Могоча, ул. Интернациональная, д. 31, далее – ОАО ГК «Амазаркан», должник) возбуждено 2 апреля 2015 года по заявлению от 26 марта 2015 года индивидуального предпринимателя Правилова Николая Никифоровича.

Определением суда от 30 мая 2015 года отказано во введении процедуры наблюдения в отношении должника, заявление Правилова Н.Н. оставлено без рассмотрения.

Заявление Федеральной налоговой службы от 8 апреля 2015 года (вх. № А78-Д-4/15113) о признании несостоятельным (банкротом) ОАО ГК «Амазаркан» было принято судом 15 апреля 2015 года, в качестве заявления о вступлении в дело о банкротстве, в порядке, предусмотренном пунктом 8 статьи 42 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве).

По результатам рассмотрения заявления Федеральной налоговой службы о признании несостоятельным (банкротом) ОАО ГК «Амазаркан» 24 ноября 2015 года арбитражным судом вынесено определение об отказе во введении в отношении должника процедуры наблюдения и об оставлении заявления без рассмотрения.

Общество с ограниченной ответственностью «Читинская металлическая компания» (ОГРН 1097536007590, ИНН 7536106185, Забайкальский край, г. Чита, ул. Токмакова, 46, кв. 5, далее – ООО «Читинская металлическая компания», заявитель) 18 ноября 2015 года обратилась в арбитражный суд с заявлением о признании несостоятельным (банкротом) ОАО ГК «Амазаркан». Определением суда от 23 ноября 2015 года заявление принято в

качестве заявления о вступлении в дело о банкротстве в порядке, предусмотренном пунктом 8 статьи 42 Закона о банкротстве.

Определениями суда судебное заседание по проверке обоснованности заявления ООО «Читинская металлическая компания» неоднократно откладывались.

От должника поступил отзыв на заявление, в соответствии с которым он просит прекратить производство по делу, утвердить мировое соглашение, направленное заявителю.

В судебном заседании представитель заявителя заявленные требования поддержал в полном объеме, просил признать заявление обоснованным, ввести процедуру наблюдения и включить 784 347 рублей 80 копеек в реестр требований кредиторов должника. Кроме того представитель заявителя пояснил, что предложенный должником вариант мирового соглашения ООО «Читинская металлическая компания» не устраивает и подписан не будет.

Должник явку своего представителя в судебное заседание не обеспечил.

В соответствии со статьями 156, 123 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд провёл судебное заседание в отсутствие должника и иных лиц, участвующих в деле и в процессе по делу о банкротстве.

Как следует из материалов дела ОАО ГК «Амазаркан» зарегистрировано в Едином государственном реестре юридических лиц 29.12.2007 за основным государственным регистрационным номером 1077527001694 по адресу: 673732, Забайкальский край, г. Могоча, ул. Интернациональная, д. 31. Основным видом деятельности должника является добыча руд и песков драгоценных металлов.

Основанием для подачи заявления послужило наличие установленной вступившими в силу судебными актами Арбитражного суда забайкальского края неуплаченной свыше трех месяцев задолженности в размере 784 347 рублей 80 копеек (с учетом частичного погашения в ходе исполнительного производства) по делам А78-4389/2012 и А78-2899/2015.

Заслушав доводы лиц, участвующих в деле о банкротстве, исследовав и оценив в порядке статьи 71 Арбитражного процессуального кодекса Российской Федерации представленные в материалы дела доказательства, арбитражный суд пришёл к следующим выводам.

В соответствии с частью 1 статьи 223 Арбитражного процессуального кодекса Российской Федерации, пунктом 1 статьи 32 Закона о банкротстве дела о банкротстве юридических лиц рассматриваются арбитражным судом по правилам, предусмотренным Арбитражным процессуальным кодексом Российской Федерации, с особенностями, установленными Законом о банкротстве.

Согласно статье 3 Закона о банкротстве юридическое лицо считается неспособным удовлетворить требования кредиторов по денежным обязательствам и (или) исполнить обязанность по уплате обязательных платежей, если соответствующие обязательства и (или) обязанности не исполнены им в течение трёх месяцев с даты, когда они должны были быть исполнены. Признание требования заявителя обоснованным является основанием для введения в отношении должника процедуры наблюдения.

В соответствии с частью 2 статьи 4 Закона о банкротстве для определения наличия признаков банкротства должника учитываются размер денежных обязательств, в том числе размер задолженности за переданные товары, выполненные работы и оказанные услуги, суммы займа с учетом процентов, подлежащих уплате должником, размер задолженности, возникшей вследствие неосновательного обогащения, и размер задолженности, возникшей вследствие причинения вреда имуществу кредиторов.

Пунктом 2 статьи 6 Закона о банкротстве установлено, что производство по делу о банкротстве может быть возбуждено арбитражным судом при условии, что требования к должнику − юридическому лицу в совокупности составляют не менее трехсот тысяч

рублей, а также имеются признаки банкротства, установленные статьёй 3 названного Закона.

В соответствии с пунктом 2 статьи 33 Закона о банкротстве, заявление о признании должника банкротом принимается арбитражным судом, если требования к должнику – юридическому лицу в совокупности составляют не менее чем триста тысяч рублей, и указанные требования не исполнены в течение трех месяцев с даты, когда они должны были быть исполнены, если иное не предусмотрено названным Законом.

Для возбуждения дела о банкротстве по заявлению конкурсного кредитора по денежным обязательствам принимаются во внимание требования, подтвержденные вступившим в законную силу решением суда, арбитражного суда, третейского суда.

Согласно пункту 2 статьи 7 Закона о банкротстве право на обращение в арбитражный суд возникает у конкурсного кредитора по денежным обязательствам с даты вступления в законную силу решения суда, арбитражного суда или третейского суда о взыскании с должника денежных средств.

В соответствии с пунктом 3 статьи 48 Закона о банкротстве по результатам рассмотрения заявления о признании банкротом арбитражный суд выносит, в том числе, определение о признании требований заявителя обоснованными и введении наблюдения.

Как следует из пункта 1 статьи 62 Закона о банкротстве, если иное не предусмотрено названным Законом, наблюдение вводится по результатам рассмотрения арбитражным судом обоснованности заявления о признании должника банкротом в порядке, предусмотренном статьёй 48 названного Закона.

Проверка обоснованности требований к должнику – юридическому лицу заключается в установлении совокупности таких фактов, как определение обязательств и срока их исполнения, из которых возникли требования к должнику в размере не менее чем триста тысяч рублей; их неисполнение должником в течение трёх месяцев с даты, когда они должны быть исполнены; доказанность оснований возникновения задолженности, а также факт её непогашения должником на дату заседания арбитражного суда.

Кроме того, учитывая положения статьи 57 Закона о банкротстве и разъяснения, данные в пункте 14 постановления Пленума Высшего Арбитражного Суда Российской Федерации от 17.12.2009 № 91 «О порядке погашения расходов в деле о банкротстве», в предмет исследования по делу подлежит включению рассмотрение вопроса о наличии у должника имущества, достаточного для осуществления расходов по делу о банкротстве или наличие согласия лица, участвующего в деле о банкротстве, на финансирование расходов по делу о банкротстве.

Представленными в материалы дела доказательствами, в частности вступившими в законную силу решениями арбитражного суда и сообщением Службы судебных приставов о ходе исполнительного производства подтверждается наличие задолженности ОАО ГК«Амазаркан» перед ООО «Читинская металлическая компания» в следующих размерах.

По делу А78-4389/2012 решением от 24.08.2012 в сумме 1 159 333 рубля 62 копейки, из которых 1 126 721 рубль 15 копеек основного долга, 8 262 рубля 63 копейки неустойки и 24 349 рублей 84 копейки расходов по оплате государственной пошлины. С учетом частичного погашения задолженности в ходе исполнительного производства № 8992/12/25/75 от 24.10.2012 остаток задолженности составляет 428 572 рубля 99 копеек в виде основного долга по гражданско-правовому обязательству (с учетом положений статьи 319 Гражданского кодекса Российской Федерации).

По делу А78-4389/2012 решением от 20.11.2012 в сумме 109 400 рублей судебных расходов. С учетом частичного погашения задолженности в ходе исполнительного производства № 2530/13/52/75 от 15.03.2013 остаток задолженности составляет 108 101 рубль 39 копеек

По делу А78-2899/2015 решением от 17.07.2015 в сумме 247 673 рубля 42 копейки, из которых 239 875 рублей 42 копейки процентов за пользование чужими денежными

средствами (статья 395 Гражданского кодекса Российской Федерации) и 7 798 рублей расходов по оплате государственной пошлины. В ходе исполнительного производства № 11073/15/75052 от 16.9.2015 задолженность не погашалась.

Кроме того, частичное погашение задолженности в указанном размере подтверждается представленными в материалы дела платёжными поручениями № 3188537 от 10.12.2012 на сумму 17314 рублей 89 копеек, № 70 от 23.01.2013 в сумме 143 616 рублей 66 копеек, № 988 от 25.02.2013 в сумме 36 500 рублей, № 49 от 21.02.2013 в сумме 499567 рублей 37 копеек и № 986 от 19.06.2013 в сумме 13 761 рубль 71 копейка.

Согласно части 2 статьи 69 Арбитражного процессуального кодекса Российской Федерации, обстоятельства, установленные вступившим в законную силу судебным актом арбитражного суда по ранее рассмотренному делу, не доказываются вновь при рассмотрении арбитражным судом другого дела, в котором участвуют те же лица.

В соответствии с пунктом 10 статьи 16 Закона о банкротстве, разногласия по требованиям кредиторов или уполномоченных органов, подтвержденным вступившим в законную силу решением суда в части их состава и размера, не подлежат рассмотрению арбитражным судом, за исключением разногласий, связанных с исполнением судебных актов или их пересмотром.

В силу указанных положений, требование кредитора, подтвержденное решением арбитражного суда, вступившим в законную силу, по смыслу законодательства о банкротстве считается безусловно установленным.

При этом доказательств оплаты долга в иных суммах в материалы дела не представлено.

Сумма основного долга предъявлена за период времени, истекший до принятия заявления о признании должника несостоятельным (банкротом), следовательно, в силу статьи 5 Закона о банкротстве требования кредитора не являются текущими и подлежат включению в реестр требований кредиторов должника.

Признанный судом обоснованным размер основного долга по гражданско-правовому обязательству (договор поставки и присужденных судом судебных расходов) составляет 536 674 рубля 38 копеек, в связи с чем суд приходит к выводу о наличии у должника просроченной свыше трёх месяцев задолженности перед кредитором, размер которой соответствует условиям, установленным пунктом 2 статьи 33 Закона, и свидетельствует о наличии у должника признаков несостоятельности (банкротства).

Как следует из материалов дела, должник на праве собственности обладает значительным имущественным комплексом, за ним зарегистрировано как недвижимое, так и движимое имущество, в том числе земельные участки, строения, самоходные машины и автотранспортные средства.

Доводы должника о недостаточности имущества для осуществления расходов по делу о банкротстве в связи с необходимостью проведения работ по утилизации отходов опасного производства не принимаются судом, поскольку такие доводы не подтверждены какими-либо доказательствами, отвечающим признакам допустимости и достоверности.

Кроме того, заявителем в материалы дела представлено письменное согласие на финансирование расходов по делу о банкротстве в случае недостаточности имущества должника.

На основании изложенного, в соответствии со статьями 3, 6, 7, 33, 48, 62 Закона о банкротстве, арбитражный суд признаёт заявление ООО «Читинская металлическая компания» обоснованным.

С учётом времени, необходимого для опубликования сведений о введении процедуры наблюдения, предъявления кредиторами своих требований к должнику, рассмотрения арбитражным судом требований кредиторов, осуществления временным управляющим обязанностей, предусмотренных Законом о банкротстве, в том числе получения сведений об имуществе должника и проведения анализа его финансовой

5                                    A78-4056/2015

деятельности составления, с учетом его объема, арбитражный суд считает возможным ввести в отношении должника процедуру наблюдения сроком на 4 месяца.

Пунктом 9 статьи 42 Закона о банкротстве определено, что арбитражный суд утверждает временного управляющего, кандидатура которого указана в признанном обоснованным заявлении о признании должника банкротом.

В соответствии со статьёй 39 Закона о банкротстве заявитель указал в качестве кандидатуры временного управляющего должником члена Некоммерческого партнерства «Саморегулируемая организация арбитражных управляющих «Меркурий» Столбова Виктора Викторовича.

В соответствии с пунктом 1 статьи 45 Закона о банкротстве Некоммерческим партнёрством «Саморегулируемая организация арбитражных управляющих «Меркурий» представлена кандидатура арбитражного управляющего Столбова Виктора Викторовича, изъявившего согласие быть утвержденным арбитражным судом в деле о банкротстве ОАО ГК«Амазаркан», а также информация о соответствии указанной кандидатуры требованиям, предусмотренным статьями 20 и 20.2 Закона о банкротстве.

Согласно пункту 5 статьи 45 Закона о банкротстве по результатам рассмотрения представленной саморегулируемой организацией арбитражных управляющих информации о соответствии кандидатуры арбитражного управляющего требованиям, предусмотренным статьями 20 и 20.2 названного Закона, суд утверждает арбитражного управляющего, соответствующего таким требованиям.

Согласно пункту 4 статьи 45 Закона о банкротстве заявленная саморегулируемая организация несёт ответственность за предоставление недостоверных сведений об арбитражных управляющих.

Арбитражным судом не установлено обстоятельств, предусмотренных пунктом 2 статьи 20.2 Закона о банкротстве, в связи с чем, суд утверждает Столбова Виктора Викторовича временным управляющим ОАО ГК«Амазаркан».

Вознаграждение арбитражного управляющего в порядке статьи 20.6 Закона о банкротстве подлежит установлению в фиксированном размере 30 000 рулей в месяц.

В соответствии с пунктом 1 статьи 71 Закона о банкротстве для целей участия в первом собрании кредиторов кредиторы вправе предъявить свои требования к должнику в течение тридцати дней с даты опубликования сообщения о введении наблюдения.

Согласно разъяснениям Пленума Высшего Арбитражного суда Российской Федерации, данным в пункте 28 Постановления от 15.12.2004 № 29 «О некоторых вопросах практики применения Федерального закона «О несостоятельности (банкротстве)», требования заявителя о включении в реестр требований кредиторов должника могут быть указаны в заявлении о признании должника банкротом, в последующем кредиторы не обязаны предъявлять такие требования в порядке, предусмотренном статьёй 71 Закона.

Требования включаются в реестр требований кредиторов на основании определения арбитражного суда об их включении в реестр требований кредиторов.

В соответствии с пунктом 7 статьи 16 Закона о банкротстве в реестре требований кредиторов указываются сведения о каждом кредиторе, о размере его требований к должнику, об очередности удовлетворения каждого требования кредитора, а также основания возникновения требований кредиторов.

Пунктами 1, 3 статьи 137 Закона о банкротстве предусмотрено, что при определении размера требований кредиторов третьей очереди учитываются требования конкурсных кредиторов и уполномоченных органов. Требования кредиторов третьей очереди по возмещению убытков в форме упущенной выгоды, взысканию неустоек (штрафов, пеней) и иных финансовых санкций, в том числе за неисполнение или ненадлежащее исполнение обязанности по уплате обязательных платежей, учитываются отдельно в реестре требований кредиторов и подлежат удовлетворению после погашения основной суммы задолженности и причитающихся процентов.

6                                                                              А78-4056/2015

Учитывая доказанность размера задолженности, третью очередь реестра требований кредиторов подлежит включению 536 674 рубля 38 копеек основного долга по гражданско-правовому обязательству. Подлежит отдельному учету в составе третьей очереди реестра требований кредиторов и удовлетворению после погашения основной суммы задолженности и причитающихся процентов, требование заявителя в сумме 247 673 рубля 42 копейки процентов за пользование чужими денежными средствами.

Руководствуясь статьями 3, 6, 16, 20, 20.2, 20.6, 27, 28, 32, 33, 45, 48 – 50, 62 – 68, 71, 134, 137 Федерального закона «О несостоятельности (банкротстве)», статьями 176, 184, 185, 223 Арбитражного процессуального кодекса Российской Федерации, арбитражный суд

О П Р Е Д Е Л И Л:

1. Признать обоснованным заявление общества с ограниченной ответственностью «Читинская металлическая компания» (ОГРН 1097536007590, ИНН 7536106185) о признании несостоятельным (банкротом) открытого акционерного общества Горнодобывающая компания «Амазаркан» (ОГРН 1077527001694, ИНН 7512004931).

Ввести в отношении открытого акционерного общества Горнодобывающая компания «Амазаркан» процедуру наблюдения сроком на 4 месяца.

Приостановить исполнение исполнительных документов по имущественным взысканиям с открытого акционерного общества Горнодобывающая компания «Амазаркан» за исключением исполнительных документов, выданных на основании вступивших в законную силу до даты введения наблюдения судебных актов о взыскании задолженности по заработной плате, выплате вознаграждения авторам результатов интеллектуальной деятельности, об истребовании имущества из чужого незаконного владения, о возмещении вреда, причинённого жизни или здоровью, и о возмещении морального вреда.

Основанием для приостановления исполнения исполнительных документов является настоящее определение.

С даты вынесения настоящего определения наступают также иные последствия, установленные статьёй 63 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)».

2. Утвердить временным управляющим открытым акционерным обществом Горнодобывающая компания «Амазаркан» члена Некоммерческого партнерства «Саморегулируемая организация арбитражных управляющих «Меркурий» (127018, г. Москва, ул. 2-я Ямская, д. 2, оф. 201) Столбова Виктора Викторовича (ИНН 753502657205, регистрационный № 10924, адрес для почтовой корреспонденции: 672000, г. Чита, главпочтамт а/я 821) с возложением на него обязанностей, установленных Федеральным законом от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)», с установлением фиксированного ежемесячного вознаграждения в размере 30 000 рублей.

3. Признать обоснованным требование общества с ограниченной ответственностью «Читинская металлическая компания» о включении требования в сумме 784 347 рублей 80 копеек в реестр требований кредиторов открытого акционерного общества Горнодобывающая компания «Амазаркан».

Временному управляющему включить в третью очередь реестра требований кредиторов открытого акционерного общества Горнодобывающая компания «Амазаркан» требование общества с ограниченной ответственностью «Читинская металлическая компания» в сумме 784 347 рублей 80 копеек, из которых 536 674 рубля 38 копеек основного долга и 247 673 рубля 42 копейки процентов за пользование чужими денежными средствами.

4. Обязать временного управляющего:

принять меры по обеспечению сохранности имущества должника, проведению анализа финансового состояния должника, выявлению кредиторов должника, ведению реестра требований кредиторов и их уведомлению о введении наблюдения; созыву и проведению первого собрания кредиторов, а также по выполнению иных обязанностей, установленных Федеральным законом от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)».

в срок до 21 июля 2016 года представить в арбитражный суд доказательства, подтверждающие опубликование сведений о введении в отношении должника процедуры наблюдения, отчёт о своей деятельности с заключением о финансовом состоянии должника, обоснованием возможности или невозможности восстановления платёжеспособности должника, целесообразности введения последующих применяемых в деле о банкротстве процедур и протокол первого собрания кредиторов с приложением документов, определённых пунктом 7 статьи 12 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)».

5. Обязать руководителя должника:

не позднее пятнадцати дней с даты утверждения временного управляющего предоставить временному управляющему и направить в арбитражный суд перечень имущества должника, в том числе имущественных прав, а также бухгалтерские и иные документы, отражающие экономическую деятельность должника за три года до введения наблюдения; предоставить арбитражному суду доказательства передачи перечисленных документов временному управляющему;

ежемесячно информировать временного управляющего об изменениях в составе имущества должника;

в течение десяти дней со дня вынесения определения о введении наблюдения обратиться к учредителям (участникам) должника с предложением провести общее собрание учредителей (участников) должника для рассмотрения вопросов об обращении к первому собранию кредиторов должника с предложением о введении в отношении должника финансового оздоровления и иных предусмотренных Законом о банкротстве вопросов.

6. Назначить судебное заседание по рассмотрению итогов процедуры наблюдения на 09 часов 30 минут 28 июля 2016 года в помещении суда по адресу: г. Чита, ул. Выставочная, 6 (телефон (3022) 33-07-33; факс (3022) 33-06-33).

Разъяснить лицам, участвующим в деле, что в соответствии с частью 6 статьи 121 Арбитражного процессуального кодекса Российской Федерации после получения определения о принятии заявления к производству и возбуждении производства по делу, а лица, вступившие в дело или привлечённые к участию в деле позднее, и иные участники арбитражного процесса после получения первого судебного акта по рассматриваемому делу самостоятельно предпринимают меры по получению информации о движении дела с использованием любых источников такой информации и любых средств связи и несут риск наступления неблагоприятных последствий в результате непринятия мер по получению информации о движении дела.

Информация о движении дела, о принятых судебных актах, а также о перерывах в судебных заседаниях может быть получена на официальном сайте Арбитражного суда Забайкальского края: http://www.chita.arbitr.ru.

Документы по делу также могут быть направлены в Арбитражный суд Забайкальского края в электронном виде по правилам, установленным Порядком подачи документов в арбитражные суды Российской Федерации в электронном виде, утверждённым постановлением Пленума Высшего Арбитражного Суда Российской федерации от 08.11.2013. Сервис подачи документов доступен по адресу http://my.arbitr.ru/.

Предложить лицам, участвующим в деле, представить информацию о телефонах, факсах, электронной почте для последующего её использования для целей извещения.

Предложить должнику представить доказательства уведомления работников должника, учредителей (участников) должника о вынесении арбитражным судом определения о введении наблюдения, в порядке, установленном пунктами 3, 4 статьи 68 Федерального закона от 26.10.2002 № 127-ФЗ «О несостоятельности (банкротстве)», а также доказательства исполнения обязательств перед кредиторами.

7. Направить копию настоящего определения в кредитные организации, с которыми у должника заключён договор банковского счёта, в суд общей юрисдикции, главному судебному приставу по месту нахождения должника, в уполномоченные органы.

Настоящее определение подлежит немедленному исполнению, может быть обжаловано в течение десяти дней со дня его вынесения в Четвертый арбитражный апелляционный суд путём подачи апелляционной жалобы через Арбитражный суд Забайкальского края.

Обжалование настоящего определения не приостанавливает его исполнения.


Судья                                                                                    А.Е. Мацибора

19/2016-27867(1)

/Coat of Arms of the Russian Federation/

8414406040003

## COMMERCIAL COURT OF THE TRANSBAIKAL TERRITORY
672002, 6 Vystavochnaya Str., Chita, Transbaikal Territory,
http://www.chita.arbitr.ru; e-mail: info@chita.arbitr.ru

RULING
on the introduction of supervision

Chita                                                          Case No. A78-4056/2015
April 01, 2016

      The operative part of the ruling was declared on March 31, 2016.
      The ruling in full was issued on April 01, 2016

      Commercial Court of the Transbaikal Territory, comprising Judge A.E. Matsibora.
      with the court session record kept by the assistant judge T.V. Shemetova, having considered in open court the claim of Chita Metallic Company Limited Liability Company to declare Amazarkan Mining Company Open Joint Stock Company insolvent (bankrupt),
      Attended by a representative of Chita Metallic Company Limited Liability Company by power of attorney dated 16.11.2015 N.N. Mamedova,
      has established as follows:

      the bankruptcy case of Amazarkan Mining Company Open Joint Stock Company (OGRN 1077527001694, INN 7512004931, registered address: 31 Internatsionalnaya Street, Mogocha, 673732, Transbaikal Territory (hereinafter - Amazarkan MC OJSC, debtor) initiated on April 2, 2015 on the claim of individual entrepreneur Nikolay Nikiforovich Pravilov dated March 26, 2015.
      The court's ruling dated May 30, 2015, denied the introduction of supervision procedures against the debtor, dismissing N.N. Pravilov's claim without consideration.
      Statement of the Federal Tax Service dated April 8, 2015 (ref. No. A78-D-4/15113) to declare Amazarkan MC OJSC insolvent (bankrupt) was accepted by the court on April 15, 2015, as a claim to intervene in bankruptcy proceedings, in the manner prescribed by Clause 8 of Article 42 of Federal Law No 127-FZ dated 26.10.2002 "On Insolvency (Bankruptcy)" (hereinafter the "Bankruptcy Law").
      Based on the results of consideration by the Federal Tax Service of the application for insolvency (bankruptcy) of Amazarkan MC OJSC on November 24, 2015, the commercial court issued a ruling to refuse to introduce a supervision procedure in respect of the debtor and to dismiss the application without consideration.
      Chita Metallic Company Limited Liability Company (OGRN 1097536007590, INN 7536106185, 46 Tokmakova St., flat 5, Chita, Transbaikalia Territory, hereinafter - Chita Metallic Company LLC, applicant) applied to commercial court on November 18, 2015 to declare Amazarkan MC OJSC insolvent (bankrupt). By court ruling on November 23, 2015, the claim was accepted as an claim to intervene in the bankruptcy case in the manner prescribed by Clause 8 of Article 42 of the Bankruptcy Law.

By court rulings, the hearing to verify the validity of the claim by Chita Metallic Company LLC was repeatedly postponed.

The debtor filed a response to the claim, in which it requests the termination of the proceedings and the approval of the settlement agreement sent to the applicant.

At the hearing, the representative of the applicant supported the claims in full, asked to consider the claim justified, to introduce a supervision procedure and include 784,347 rubles 80 kopecks in the register of creditors of the debtor. In addition, the applicant's representative explained that the option of a settlement agreement proposed by the debtor does not satisfy Chita Metallic Company LLC and will not be signed.

The debtor failed to ensure the attendance of the hearing by its representative .

Pursuant to Articles 156 and 123 of the Code of Commercial Procedure of the Russian Federation, the commercial court held the hearing in the absence of the debtor and other persons involved in the case and the bankruptcy proceedings.

The case files show that Amazarkan MC OJSC is registered in the Unified State Register of Legal Entities on 29.12.2007, the principal state registration number 1077527001694 at: 31 Internatsionalnaya Street, Mogocha, 673732, Transbaikal Territory. The core activity of the debtor is the extraction of ores and sands of precious metals.

The basis for the claim was the existence of debts in the amount of 784,347 rubles 80 kopecks (including partial repayment in the course of enforcement proceedings) established by the effective judicial acts of the Commercial Court of Transbaikal Territory for more than three months under cases A78-4389/2012 and A78-2899/2015.

Having heard the arguments of the persons involved in the bankruptcy case, having investigated and evaluated the evidence presented in the case file pursuant to Article 71 of the Code of Commercial Procedure of the Russian Federation, the commercial court concluded as follows

Pursuant to Clause 1 of Article 223 of the Code of Commercial Procedure of the Russian Federation, Clause 1 Article 32 of the Bankruptcy Law, the cases on bankruptcy of legal persons shall be considered by the commercial court under the rules stipulated by the Code of Commercial Procedure of the Russian Federation, with the special aspects set forth in the Bankruptcy Law.

Pursuant to Article 3 of the Bankruptcy Law, a legal entity is considered unable to meet the demands of creditors on monetary obligations and/or fulfill the obligation to pay obligatory payments, if the corresponding obligations and/or duties are not fulfilled within three months from the due date. The recognition of the applicant's claim as justified is the basis for the introduction of a supervision procedure against the debtor.

Pursuant to Part 2 Article 4 of the Bankruptcy Law, to determine whether there are signs of bankruptcy of the debtor, the amount of monetary obligations is taken into account, including the amount of debt for goods transferred, work performed and services rendered, the loan amount, taking into account interest payable by the debtor, the amount of debt incurred as a result of unjustified enrichment, and the amount of debt incurred as a result of damage to the creditors' property.

Clause 2 Article 6 of the Bankruptcy Law establishes that bankruptcy proceedings may be initiated by a commercial court, provided that the claims against the debtor - a legal entity in aggregate amount to at least three hundred thousand rubles, and there are also signs of bankruptcy established by article 3 of the said Law.

Pursuant to Article 33(2) of the Bankruptcy Law, a claim to declare a debtor bankrupt is accepted by the commercial court if the claims against the debtor-legal entity in the aggregate amount to at least three hundred thousand rubles, and these claims have not been discharged within three months of the date when they were due, unless otherwise provided for by the above Law.

In order to initiate bankruptcy proceedings on the claim of a bankruptcy creditor for monetary obligations, claims confirmed by an enforceable decision of a court, the commercial court or tribunal shall be taken into account.

According to Clause 2 Article 7 of the Bankruptcy Law, the bankruptcy creditor has the right to appeal to the commercial court for monetary obligations from the date of entry into force of a decision of the court, a commercial court or a tribunal to recover funds from the debtor.

Pursuant to Article 48(3) of the Bankruptcy Law, following examination of the bankruptcy application, the commercial court shall, inter alia, determine whether the applicant's claims are justified and impose supervision.

As stipulated by Article 62 (1) of the Bankruptcy Law, unless otherwise stipulated by the said Law, supervision is introduced based on the results of the commercial court's examination of the validity of the application to declare the debtor bankrupt in accordance with the procedure stipulated by Article 48 of the said Law.

Verification of the validity of claims against a debtor-legal entity consists in establishing the collection of such facts as the determination of obligations and the term of their fulfilment, from which claims against the debtor in the amount of at least three hundred thousand rubles have arisen; their non-fulfilment by the debtor within three months after their due date; evidence of the grounds for arising the debt, as well as the fact of its non-payment by the debtor on the date of the commercial court hearing.

In addition, considering the provisions of Article 57 of the Bankruptcy Law and the explanations given in Clause 14 of Resolution of the Plenum of the Supreme Commercial Court of the Russian Federation dated 17.12.2009 No. 91 "On the procedure for repayment of expenses in a bankruptcy case", consideration of the issue of whether the debtor has property sufficient to pay the expenses in a bankruptcy case or the consent of a person participating in a bankruptcy case to finance expenses in a bankruptcy case should be included in the subject of the case study.

The evidence in the case file, in particular the valid resolutions of the commercial court and the report of the Bailiff Service on the progress of enforcement proceedings, confirms that Amazarkan MC OJSC owes the following amounts to Chita Metallic Company LLC.

In case A78-4389/2012 by the judgment dated 24.08.2012, the amount of RUB 1,159,333.62, including RUB 1,126,721.15 of the principal debt, RUB 8,262.63 of the penalty and RUB 24,349.84 of the state duty payable. Taking into account the partial settlement of the debt during enforcement proceedings No. 8992/12/25/75 dated 24.10.2012, the balance of the debt is RUB 428,572.99 as principal debt under civil law (subject to the provisions of Article 319 of the Civil Code of the Russian Federation).

In case A78-4389/2012 by decision of 20.11.2012 in the amount of RUB 109,400 in court costs. Taking into account the partial settlement of the debt during enforcement proceedings No. 2530/13/52/75 dated 15.03.2013, the balance of the debt is RUB 108,101.39.

On case A78-2899/2015 by decision dated 17.07.2015 in the amount of RUB 247,673.42, of which RUB 239,875.42 of interest for the use of alienated funds (Article 395 of the Civil Code of the Russian Federation) and RUB 7,798 of the state duty payment costs. In the course of enforcement proceedings No. 11073/15/75052 dated 16.09.2015, the debt was not paid.

Besides, partial settlement of the debt in the abovementioned amount is confirmed by payment orders No. 3188537 dated 10.12.2012 in the amount of RUB 17314.89, No. 70 dated 23.01.2013 in the amount of RUB 143,616.66, No. 988 dated 25.02.2013 in the amount of RUB 36,500, No. 49 dated 21.02.2013 in the amount of RUB 499567.37 and No. 986 dated 19.06.2013 in the amount of RUB 13,761.71.

According to Part 2, Article 69 of the Code of Commercial Procedure of the Russian Federation, the circumstances established by a judicial act of a commercial court in a previously considered case that has entered into legal force are not proved again when the commercial court is considering another case in which the same persons are involved.

Pursuant to Article 16(10) of the Bankruptcy Law, disagreements concerning the creditors' or authorised bodies' claims confirmed by a court ruling that has become final in as much as it concerns their composition and amount are not subject to examination by a commercial court, except for disagreements relating to performance under court rulings or to review court rulings.

By virtue of these provisions, a creditor's claim that has been confirmed by an enforceable ruling of a commercial bankruptcy court is considered to be unconditionally established within the meaning of the Bankruptcy Law.

However, no proof of payment of the debt in other amounts has been submitted in the case file.

The amount of the principal debt was presented for the period that expired before the acceptance of the claim for recognition of the debtor as insolvent (bankrupt), therefore, by virtue of Article 5 of the Bankruptcy Law, the creditor's claims are not current and are subject to inclusion in the register of creditors' claims of the debtor.

The amount of the principal debt under civil law obligations (supply contract and court-ordered legal costs) admitted by the court was RUB 536,674.38, therefore the court concludes that the debtor has an overdue debt to the creditor exceeding three months, which corresponds to the conditions stipulated by Article 33 (2) of the Law, and indicates the signs of insolvency (bankruptcy) of the debtor.

As stated in the case file, the debtor has a significant property complex, with both immovable and movable property registered, including land plots, buildings, self-propelled machinery and vehicles.

The debtor's arguments about insufficient property to meet the costs of the bankruptcy proceedings due to the need to dispose of hazardous waste are not accepted by the court as such arguments are not supported by any evidence that meets the requirements of admissibility or credibility.

In addition, the claimant submitted to the case file a written consent to finance the costs of the bankruptcy case in the event of insufficient debtor's assets.

Based on the above, in accordance with the Articles 3, 6, 7, 33, 48, 62 of the Bankruptcy Law, the commercial court recognizes the application of the Chita Metallic Company LLC as substantiated.

In view of the time needed to publish information on the initiation of the supervision procedure, the presentation by creditors of their claims against the debtor, the commercial court's consideration of the creditors' claims, the discharge by the interim receiver of his duties under the Bankruptcy Law, including obtaining information on the debtor's property and analysing the debtor's financial performance, the commercial court considers it possible to introduce a supervision procedure in respect of the debtor for a period of 4 months.

Clause 9 Article 42 of the Bankruptcy Law stipulates that the commercial court approves the interim receiver as specified in a substantiated bankruptcy application filed by the debtor.

Pursuant to Article 39 of the Bankruptcy Law, the claimant indicated Viktor Viktorovich Stolbov, a member of the Non-Profit Partnership "Mercury Self-Regulating Organization of Insolvency Receivers", as a candidate for the debtor's interim receiver.

Pursuant to Clause 1 Article 45 of the Bankruptcy Law, the Non-profit Partnership "Mercury Self-Regulating Organization of Insolvency Receivers" has submitted the candidacy of the Insolvency Receiver Viktor Viktorovich Stolbov, who has agreed to be approved by the commercial court in the bankruptcy case of Amazarkan MC OJSC, as well as information on the compliance of this candidate with the requirements provided for in Articles 20 and 20.2 of the Bankruptcy Law.

Pursuant to Clause 5 Article 45 of the Bankruptcy Law, upon review of information provided by a self-regulating organization of interim receivers on the compliance of the nominee Insolvency Receiver with the requirements provided for in Articles 20 and 20.2 of the said Law, the court approves the Insolvency Receiver who complies with such requirements.

Pursuant to Clause 4 Article 45 of the Bankruptcy Law, the declared self-regulatory organization is responsible for providing false information about Insolvency Receivers.

The Commercial court did not reveal any circumstances stipulated by Clause 2 of Article 20.2 of the Bankruptcy Law, therefore the court approves Viktor Viktorovich Stolbov as interim receiver of Amazarkan MC OJSC.

The remuneration of the bankruptcy receiver under Article 20.6 of the Bankruptcy Law shall be set at a fixed amount of RUB 30,000 per month.

Pursuant to Clause 1 Article 71 of the Bankruptcy Law, for the purposes of participating in the first creditors' meeting, creditors have the right to present their claims to the debtor within thirty days from the date of publication of the notice on the introduction of supervision.

According to the explanations of the Plenum of the Supreme Commercial Court of the Russian Federation given in Clause 28 of Resolution No. 29 dated 15.12.2004 "On Certain Issues of Application of the Federal Law 'On Insolvency (Bankruptcy)'", an applicant's claims for inclusion in the register of the debtor's creditors can be stated in an application for the bankruptcy declaration, without creditors subsequently having to file such claims in accordance with the procedure stipulated in Article 71 of the Law.

The claims are included in the register of creditors' claims on the basis of the commercial court ruling on their inclusion in the register of creditors' claims.

Pursuant to Article 16 (7) of the Bankruptcy Law, the register of creditors' claims contains information about each creditor, the amount of their claims against the debtor, the order of satisfaction of each creditor's claim, as well as the grounds for the creditors' claims.

Clauses 1 and 3 of Article 137 of the Bankruptcy Law stipulate that the claims of bankruptcy creditors and authorized bodies shall be taken into account when determining the claims of third-priority creditors. Claims of third-priority creditors for compensation of losses in the form of lost profits, penalties (fines, interest) and other financial sanctions, including for non-performance or improper performance of obligations to pay mandatory payments, are recorded separately in the creditor claims register and are subject to satisfaction after repayment of the principal amount of debt and interest due.

In view of the proven amount of debt, RUB 536,674.38 of the principal debt under civil law shall be included in the third priority in the register of creditors' claims. The claimant's claim in the amount of RUB 247,673.42 is to be set aside in the third priority in the creditor claims register and subject to satisfaction after payment of the principal and interest payable, as well as interest for the use of monies owed.

Guided by articles 3, 6, 16, 20, 20.2, 20.6, 27, 28, 32, 33, 45, 48-50, 62-68, 71, 134, 137 of the Federal Law "On Insolvency (Bankruptcy)", articles 176, 184, 185, 223 of the Code of Commercial Procedure of the Russian Federation, the commercial court

## HAS RULED AS FOLLOWS:

1.  To acknowledge the claim of Chita Metallic Company Limited Liability Company (OGRN 1097536007590, INN 7536106185) for recognition of Amazarkan Mining Company Open Joint Stock Company (OGRN 1077527001694, INN 7512004931) insolvent (bankrupt).

To introduce a supervision procedure in relation to Amazarkan Mining Company Open Joint Stock Company for a period of 4 months.

To suspend the execution of enforcement documents in relation to property claims against Amazarkan Mining Company Open Joint Stock Company, except for enforcement documents issued on the basis of judicial acts on recovery of wage arrears, payment of remuneration to authors of intellectual property, on recovery of property from illegal ownership, on compensation for damage to life or health, and on compensation for moral damage, which came into legal force before the date of introducing the supervision.

This ruling is the basis for suspending the execution of the enforcement documents.

As of the date of this ruling, other consequences set out in Article 63 of Federal Law No. 127-FZ of October 26, 2002

"On Insolvency (Bankruptcy)" shall also apply.

2.  To approve Viktor Viktorovich Stolbov (INN 753502657205, registration No. 10924, mailing address: Merkury, member of Self-regulated Organization of Insolvency Receivers (2nd Yamskaya St., office 201, Moscow 127018) as interim receiver of Amazarkan Mining Company Open Joint-Stock Company: Chita, post office Box 821, 672000) vesting him with duties established by Federal Law No. 127-FZ dated 26 October 2002 "On Insolvency (Bankruptcy)" with a fixed monthly remuneration in the amount of RUB 30,000.

3.  To acknowledge the claim of Chita Metallic Company Limited Liability Company to be substantiated by including its claim in the amount of RUB 784,347.80 on the creditor claims register of Amazarkan Mining Company Open Joint Stock Company.

The interim receiver to include the claim of Chita Metallic Company Limited Liability Company to the amount of RUB 784,347.80 of which RUB 536,674.38 as principal debt and RUB 247,673.42 as interest for the use of monetary resources, into the third priority claim of the creditor register of Amazarkan Mining Company Open Joint Stock Company.

4.  Oblige the interim receiver:

To take measures to secure the debtor's property, analyse the debtor's financial standing, identify the debtor's creditors, maintain a register of creditors' claims and notify them of the introduction of the supervision; to convene and hold the first meeting of creditors, and to perform other duties established by Federal Law No. 127-FZ of 26.10.2002 "On Insolvency (Bankruptcy)".

By July 21, 2016, to submit to the commercial court evidence confirming the publication of information about the introduction of the supervision procedure against the debtor, a report on its activities with an opinion on the financial standing of the debtor, justifying the possibility or impossibility to restore the debtor's solvency, the advisability of introducing further procedures applied in bankruptcy proceedings and the minutes of the first creditors' meeting with the documents specified in Clause 7, Article 12 of Federal Law No 127-FZ of October 26, 2002 "On Insolvency (Bankruptcy)"

5. Oblige the head of the debtor:

Within fifteen days from the date of approval of the interim receiver, provide the interim receiver and the commercial court with a list of the debtor's property, including property rights, as well as accounting and other documents reflecting the debtor's business activities for three years prior to the introduction of supervision; provide the commercial court with evidence of the transfer of the above documents to the interim receiver;

inform the interim receiver on a monthly basis about changes in the composition of the debtor's property;

Within ten days from the date of the ruling on the introduction of the supervision, apply to the debtor's founders (participants) with a proposal to hold a general meeting of the debtor's founders (participants) to consider whether to apply to the debtor's first meeting of creditors with a proposal to introduce financial rehabilitation against the debtor and other matters provided for by the Bankruptcy Law.

6. To schedule the court hearing on consideration of the results of the supervision procedure for 09:30 a.m. on July 28, 2016 in the courtroom at: 6, Vystavochnaya St., Chita (telephone (3022) 33-07-33; fax (3022) 33-06-33).

To clarify to persons involved in the case that, in accordance with Article 121(6) of the Code of Commercial Procedure of the Russian Federation, after receipt of the ruling to accept the application for proceedings and to institute proceedings in the case, and persons who joined the case or were involved later and other participants in the Commercial proceedings after receipt of the first judicial act in the case under consideration shall take independent action to obtain information on the case by using any sources of such information and any means of communication.

Information on the case progress, on judicial acts taken, as well as on breaks in the court hearings are available at the official website of the Commercial Court of the Transbaikal Territory: http://www.chita.arbitr.ru

Documents in the case may also be sent to the Commercial Court of Transbaikal Territory in electronic form according to the rules established by the procedure for submitting documents to commercial courts of the Russian Federation in electronic form, approved by Resolution of the Plenum of the Supreme Commercial Court of the Russian Federation of 08.11.2013. The filing service is available at http://my.arbitr.ru/.

To invite persons involved in the case to provide information on telephones, faxes, e-mail for subsequent use for the purpose of notification.

To request the debtor to provide evidence of notifying the debtor's employees, founders (participants) of the debtor of the commercial court's ruling on introducing supervision as prescribed by Articles 68, Clauses 3 and 4 of Federal Law No. 127-FZ of 26 October 2002 "On Insolvency (Bankruptcy)", and evidence of meeting obligations to creditors.

7. To send a copy of this ruling to the credit institutions with which the debtor has concluded a bank account agreement, to the court of general jurisdiction, to the chief bailiff at the debtor's location, to the authorised bodies.

This ruling shall be immediately enforceable and may be appealed within ten days from the date of its delivery to the Fourth Commercial Court of Appeal by filing an appeal through the Commercial Court of Transbaikal Territory.

An appeal against this ruling shall not suspend its enforcement.


Judge                                                                                A.E. Matsibora

*Перевод данного текста с русского языка на английский язык сделан мной, переводчиком Котляровым Антоном Игоревичем.*

_____

*The translation of this text from Russian into English was performed by me, the translator Kotlyarov Anton Igorevich.*

_____ /signature/

**Российская Федерация**

Город Москва
*Десятого марта две тысячи двадцать второго года*
Я, Родина Ульяна Алексеевна, временно исполняющая обязанности нотариуса города Москвы Корсика Владимира Константиновича, свидетельствую подлинность подписи переводчика Котлярова Антона Игоревича.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 77/2138-н/77-2022- *13-2465*
Уплачено за совершение нотариального действия: 400 руб. 00 коп.

У.А. Родина

Всего прошнуровано, пронумеровано и скреплено
Печатью (*16*) лист(а)(ов)

ВРИО Нотариуса

**The Russian Federation**

*The city of Moscow*
*10.03.2022*
I, Rodina Ulyana Alekseevna, deputy notary of the city of Moscow for Korsik Vladimir Konstantinovich, certify the authenticity of signature, made by the translator Kotlyarov Anton Igorevich.
The signature was made in my presence.
His identity is established.

*It is registered in the register under № 77/2138-н/77-2022-*
*Paid for the performance of a notarial act: 400 rubles 00 kc*

_____ /signature/_____   U.A. Rodina

Seal: Notary  Korsik V.K.
Notarial district of c. Moscow
ITN 770474847174 *

*Stitched up, numbered and sealed (16) pages*
Deputy notary /signature/

Seal: Notary  Korsik V.K.
Notarial district of c. Mosc
ITN 770474847174 *

