UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

JSC "INGTORGSTROY",

For an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings

Case No. 22 Misc._____

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR
JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

KELLNER HERLIHY GETTY & FRIEDMAN, LLP
Thomas Vandenabeele
*Attorneys for JSC "INGTORGSTROY"*
470 Park Avenue South—7th Floor
New York, NY 10016-6819
Telephone: (212) 889-2121
Email: tv@khgflaw.com

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. ii-iii

PRELIMINARY STATEMENT ............................................................ 1

RELEVANT BACKGROUND ............................................................... 3

ARGUMENT ...................................................................................... 5

I.      STANDARD FOR GRANTING RELIEF ................................... 5

II.     APPLICANT MEETS SECTION 1782'S STATUTORY

       REQUIREMENTS ...................................................... 6

       A.  The Respondents reside or are found in this district ....................... 6

           1.  Legal standard ................................................. 6

           2.  The Discovery sought in this Application

               proximately results from the Respondents' contacts

               with the Southern District of New York .............................. 7

       B.  The Discovery sought is for use in a proceeding in a

          foreign tribunal ................................................. 10

       C.  Applicant is an Interested Person ....................................... 11

III.    APPLICANT MEETS THE *INTEL* DISCRETIONARY

       FACTORS ........................................................ 12

IV.    APPLICANT SHOULD NOT BE REQUIRED TO GIVE

       NOTICE TO THE FOREIGN DEFENDANTS, THE

       DISCOVERY TARGETS, AND THE RESPONDENTS ........................... 14

CONCLUSION .................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page**

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76
(2d Cir. 2012) ............................................................................................... 5,6,13

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d
113 (2d Cir. 2015) ......................................................................................... 10,12

*Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002)...................... 6

*Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir. 1995) .............................. 15

*First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 154 F.3d 16
(2d Cir. 1998) ............................................................................................... 9

*Gucci Am., Inc. v. Weixing Li ("Gucci III")*, 135 F. Supp. 3d 87
(S.D.N.Y. 2015)............................................................................................. 9

*Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) ........................................ 5,10

*In re Application of Sarrio, S.A.*, 119 F.3d 143 (2d Cir. 1997) ..............................

*In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002 (2d Cir. 2019) ........................... 5-7,12

*In re Gorsoan Ltd.*, 2020 WL 409729 (S.D.N.Y. 2020) ...................................... 14

*In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361 (S.D.N.Y. 2015) ................. 5,10,11,15

*In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017) ...................................... 10-12

*In re O'Keeffe*, 650 F. App'x 83, 85 (2d Cir. 2016) ........................................ 5

*In re Olga Kurbatova,* Case No. 18-mc-469 (S.D.N.Y. 2018)................................... 15

*In re Reyes*, 2019 WL 6170901 (S.D.N.Y. 2019) ........................................... 15

*In re Speer*, 754 F. App'x 62 (2d Cir. 2019)................................................ 15

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)........................... 5,10,13,14

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244
(2d Cir. 2018) ............................................................................................... 6

*Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327 (2012) ...................................... 8

*Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) ............................... 9

*Malmberg v. United States*, 2010 WL 1186573 (N.D.N.Y. 2010)............................... 15

*Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015) ............................................... 5

*Nike, Inc. v. Wu ("Nike I")*, 349 F. Supp. 3d 310 (S.D.N.Y. 2018)........................... 7,9,10

*Nike, Inc. v. Wu ("Nike II")*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ......................... 7,9

*Ragusa v. United Parcel Serv.*, 2008 WL 4200288 (S.D.N.Y. 2008)........................... 15

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7
(2d Cir. 2018) ............................................................................................... 5

## <u>STATUTES, RULES, & OTHER AUTHORITIES</u>

28 U.S.C. § 1782 ........................................................................................... 1,5,7,14,17

28 U.S.C. § 1782(a) ....................................................................................... 5,6,10,12,13

Federal Rule of Civil Procedure 45 .............................................................. 14

N.Y. Banking Law § 200 .............................................................................. 8

Russian Bankruptcy Law Article 213.28 (4) ............................................... 11

Applicant JSC "INGTORGSTROY" by and through its undersigned counsel, Kellner Herlihy Getty & Friedman LLP, submits this memorandum of law in support of its *ex parte* Application for judicial assistance pursuant to 28 U.S.C. § 1782.

## PRELIMINARY STATEMENT

Applicant submits this Application pursuant to 28 U.S.C. § 1782, seeking an order authorizing discovery from certain entities found in this District that are in the business of processing wire transfers in New York City,[1] for use in the Foreign Proceedings.[2]

Between 2007 and 2011, the Bank and the Debtor entered into several Credit Facilities. Filippova Decl. ¶¶5.

In 2011, in order to secure the Credit Facilities, the Guarantors granted the Bank personal guarantees over repayment of the Credit Facilities. *Id*. ¶6.

In April 2016, the Debtor entered into bankruptcy proceedings, and in March 2017 the Court of Zabaykalsky Region declared the Debtor bankrupt and commenced liquidating the Debtor's assets, which is still ongoing. *Id*. ¶¶7-9.

Thereafter, the Bank sought to enforce the personal guarantees of the Debt granted by the Guarantors. *Id*. ¶10. Subsequently, in 2017, the Court of Moscow City and the Court of Kaluga Region declared the Guarantors bankrupt. *Id*. ¶11.

On June 16, 2021, Applicant became the legal successor to the Bank's claims against the Debtor and the Guarantor. *Id*. ¶13.

---

[1] Applicant seeks discovery from Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; The Bank of Nova Scotia, New York Agency; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG, New York Branch; and The Clearing House Payments Company, LLC (collectively, the "Respondents"). (Filippova  Decl., ¶36.)

[2] Unless otherwise indicated, capitalized terms or names not otherwise defined herein shall have the meaning ascribed to them in the Declaration of Alexandra Filippova dated April 1, 2022, and the Declaration of Thomas Vandenabeele dated April 4, 2022.

The Debtor's Bankruptcy Proceedings revealed that the Debtor likely did not use the funds lent by the Bank under the Credit Facilities for their intended contractual purpose, but rather funneled those funds out to its beneficial owners. *Id.*, ¶¶15-19. Investigations led by Applicant revealed that the Foreign Defendants are involved in a series of seemingly fraudulent financial transactions and suspicious activities, leading Applicant to reasonably believe that the Foreign Defendants have caused a number of entities and individuals to enter into transactions or take steps aimed towards rendering themselves judgment-proof, to the detriment of Applicant's rights. *Id.*, ¶¶15-34.

Applicant intends to bring additional Claims in the Foreign Proceedings sounding in fraud, in that Applicant intends to show the Russian courts that the Beneficial Owners and Guarantors have intentionally concealed, dissipated, misappropriated, or assigned the Debtor's and/or their personal assets, in order to defraud the Applicant and avoid repayment of the Debt. *Id.* ¶34.

The evidence sought through this Application—records relating to wire transfers routed through the Respondents in New York City and documents relating thereto—is critical to plead and prove Applicant's Claims, and "(1)  present the real picture of the Beneficial Owners' assets to the Russian courts, (2) identify the Debtor's and Beneficial Owners' concealed, assigned, or misappropriated assets in order to show the Russian courts that the Debtor and Beneficial Owners should not have been relieved from their obligations under Russian Bankruptcy Law; (3) provide the Court of Zabaykalsky Region with evidence that the Beneficial Owners have syphoned the Debtor's assets in breach of the Credit Facilities or caused the Debtor to misuse the funds lent by the Bank under the Credit Facilities and therefore should be held responsible for

the payment of the Debt; and (4) ultimately recover the concealed or illegally transferred assets for payment of the Debt." *Id.,* ¶¶35-38.

The New York Banks act as correspondent banks in this District for wire transfers passing from domestic to international banks, and vice versa, including banks in Russia. *Id.* ¶42; Vandenabeele Decl. ¶¶8-23. TCH provides both transmission of instruction messages and settlement of funds between financial institutions that are used to process international funds transfers. Vandenabeele Decl. ¶23. It is highly likely that records of wire transfers, payments, and data are held by the Respondents in New York and that these records will be relevant and probative in the Foreign Proceedings. Filippova Decl. ¶¶35-38.

For the reasons set forth below, Applicant respectfully requests that the Court grant the Application.

## RELEVANT BACKGROUND

### General background

The facts relevant to this Application are set forth above, below, and in the Filippova Declaration. The facts stated in the Filippova  Declaration are incorporated herein by reference.

Applicant is a party to the Foreign Proceedings where it seeks the recovery of the Debt. Filippova  Decl. ¶¶13-14. Applicant intends to assert Claims sounding in fraud in the Foreign Proceedings, in that Applicant intends to show the Russian courts that the Beneficial Owners and Guarantors have intentionally concealed, dissipated, misappropriated, or assigned the Debtor's and/or their personal assets, in order to defraud the Applicant and avoid repayment of the Debt, and therefore the Foreign Defendants should not have been relieved from their obligations under Russian Bankruptcy Law. *Id.*, ¶¶29-38.

### Nature of evidence sought

Applicant seeks to obtain meaningful documentary evidence located in this District from the Respondents, which are found in this District and are in the business of processing wire transfers and payments, and will have processed wire transfers and payments, relevant and probative to the issues in the Foreign Proceedings—namely that the Foreign Defendants have concealed and intentionally misappropriated their property in order to defraud Applicant and avoid repayment of the Debt. *Id.*, ¶¶35-38. Accordingly, the evidence sought is critical to satisfy Applicant's Claims.

The Respondents are commonly known to act as correspondent, intermediary, or otherwise clearinghouse for U.S. Dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, including banks in Russia. Vandenabeele Decl. ¶¶8-23. The discovery sought in this proceeding directly relates to the Respondents' clearing business in this District—namely, wire transfers for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or where the Respondents otherwise facilitated interbank funds transfers, as well as documents relating thereto. Filippova  Decl., ¶¶37-38.

The Respondents keep electronic records of wire transfers and are thus able to easily search and produce these records in connection with domestic litigation, foreign bankruptcy matters and Section 1782 applications, and produce such records routinely. Vandenabeele Decl., ¶¶24-25.

## ARGUMENT

The Court should grant this *ex parte* Application[3] because Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. § 1782 action, and the discretionary factors all favor granting this Application.

### I.    STANDARD FOR GRANTING RELIEF

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002 (2d Cir. October 7, 2019), quoting 28 U.S.C. § 1782(a).

Courts have distilled §1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. *First*,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018); see also *Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015), citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012).

---

[3] Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361 (S.D.N.Y. 2015), *aff'd, Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018) (collecting cases, and noting that "[d]istrict courts may and customarily do resolve applications for discovery pursuant to § 1782 through *ex parte* proceedings" and that there is a "widespread recognition that § 1782 applications are properly handled *ex parte*"); see also *In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016), quoting *Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.")

*Second*, "[t]o guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the '*Intel* factors') to be considered in light of the 'twin aims' of section 1782..." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002, citing *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018). Those factors are (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.*, citing *Intel*, 542 U.S. at 264-65.[4]

## II.   APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS

### A.   <u>The Respondents reside or are found in this district</u>

#### 1.   <u>Legal standard</u>

Section 1782 does not define "found." *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002. However, "§ 1782(a) supports a flexible reading of the phrase 'resides or is found.'" *Id.*, citing *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002). The Second Circuit has "repeatedly recognized Congress's intent that §1782 be 'interpreted broadly' […]" (*Id.*, citing *Brandi-Dohrn*, 673 F.3d 76) and held that the "statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, *supra*.

---

[4] The Court's discretionary analysis should be guided by the twin congressional policy aims of § 1782. *Brandi-Dohrn,* 673 F.3d 76, 81 (2d Cir. 2012) ("District courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.") (internal citations omitted); *Gushlak*, 486 Fed.Appx. at 218 (same); see also *Intel*, 542 U.S. at 252 (rejecting additional requirements to granting relief as they "would disserve § 1782's twin aims.")

6

Noting that the Supreme Court has not addressed specific jurisdiction over nonparties, the

Second Circuit held that:

> where the discovery material sought proximately resulted from the respondent's
> forum contacts, that would be sufficient to establish specific jurisdiction for
> ordering discovery. That is, the respondent's having purposefully availed itself of
> the forum must be the primary or proximate reason that the evidence sought is
> available at all. On the other hand, where the respondent's contacts are broader
> and more significant, a petitioner need demonstrate only that the evidence sought
> would not be available but for the respondent's forum contacts.

*In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002.

2. <u>The Discovery sought in this Application proximately results from the
Respondents' contacts with the Southern District of New York</u>

This Court has repeatedly granted applications pursuant to Section 1782 seeking

intermediary bank discovery from the New York Banks and TCH. Vandenabeele Decl., ¶¶26-35.

The discovery sought here directly relates to their contacts with this District, as described in the

Vandenabeele Declaration. *Id*., ¶¶8-23. *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310 (S.D.N.Y. 2018)

("*Nike I*"), *aff'd, Nike, Inc. v. Wu*, 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ("*Nike II*"). Specifically,

the discovery sought here is records relating to wire transfers, payments, and documents relating

thereto routed through the Respondents in New York City revealing transactions of value made

in fraud of Applicant's rights, in order to conceal, misappropriate, or assign the Foreign

Defendants' property and avoid repayment of the Debt. Filippova Decl., ¶¶37-38. The

Respondents act as worldwide correspondents in New York City to process U.S. Dollar

denominated wire transfers. Vandenabeele Decl., ¶¶8-23; see also <u>Ex. D</u> to Vandenabeele Decl.,

excerpts from the Accuity Worldwide Correspondents Bank Directory. It appears from the

Worldwide Correspondents Bank Directory, that the banks processing U.S. Dollar denominated

wire transfers passing from international banks, including banks located in Russia, are virtually all located in New York City and include most of the New York Banks.[5]

The Respondents not only conduct business in this district, but also have long-established connections to New York. They each maintain headquarters or branches in this District and have previously accepted and responded to subpoenas in Section 1782 applications, initiated by Applicant's New York counsel. Vandenabeele Decl., ¶¶24-25. In addition, the New York Banks are either participants in the Clearing House Interbank Payments System ("CHIPS"), the Federal Reserve's Fedwire Fund Service ("Fedwire"), or a major participant in the clearing of international U.S. Dollar denominated transfers. *Id.*, ¶¶8-23; Exs. A-B to Vandenabeele Decl. Almost all New York Banks are registered with the New York Department of Financial Services to do business in New York, as required by N.Y. Banking Law § 200. *Id.*; Ex. E to Vandenabeele Decl.

The Respondents' ability to conduct business and process wire transfers and payments, is completely dependent upon their extensive use of their contacts in New York and the subject of the discovery sought through this Application.

In addition, the New York Court of Appeals has recognized the "widespread use of correspondent accounts nominally in New York to facilitate the flow of money worldwide, often for transactions that otherwise have no other connection to New York, or indeed the United States." *Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327 (2012) ("*Licci III*"). Therefore, the repeated use of a correspondent account in New York, in effect, a "course of dealing" show

---

[5] *See* for example Ex. D to Vandenabeele Decl. at p. 1133-1134, Alfa Bank, Moscow, Russia, the correspondent banks for U.S. Dollar are "Citibank, N.A., **New York City**," "Deutsche Bank Trust Company Americas, **New York City**," "JPMorgan Chase, N.A., **New York City**," and "The Bank of New York Mellon, **New York City**." (Emphasis added).

"purposeful availment of New York's dependable and transparent banking system, the dollar as a stable and fungible currency, and the predictable jurisdictional and commercial law of New York and the United States." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) ("*Licci IV*"), quoting *Licci III,* 20 N.Y.3d 327. Relying on *Licci III* and *Gucci III*, Chief Judge McMahon in *Nike II*, held that "the Banks' establishment and maintenance of correspondent accounts was sufficient to support the exercise of personal jurisdiction over the Banks for purposes of the Subpoenas." *Nike II*, 349 F. Supp. 3d 310. "This alone would be sufficient to establish that the Banks have sufficient minimum contacts with the forum, as 'the selection and repeated use of New York's banking system … constitutes purposeful availment of the privilege of doing business in New York.'" *Nike I*, 349 F. Supp. 3d 310, quoting *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87 (S.D.N.Y. 2015) ("*Gucci III*") (internal quotation omitted).

Here, the discovery sought—wire transfers and documents relating thereto, revealing transactions effectuated with the intent to conceal, misappropriated, or assign assets that should have been used to pay Applicant's Debt, for which the Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to CHIPS, Fedwire, or otherwise facilitated interbank funds transfers—proximately results from their forum contacts with this District. Filippova Decl., ¶¶37-38.

Moreover, the Respondents would not suffer hardship as they are "simply required to produce" limited records maintained in this District. *Nike I*, 349 F. Supp. 3d 310 ("Here, as in *Gucci III*, such burdens are either 'minimal or non-existent,' as all of the Banks have physical branches in the forum, and can be no stranger to litigation in it […]") (internal citation omitted); see also *First Am. Corp. v. Price Waterhouse Ltd. Liab. P'ship*, 154 F.3d 16 (2d Cir. 1998). Given the lighter burden placed on the Respondents in the discovery context—who are asked

only to provide evidence, not to defend their conduct or risk damages or other penalties—it is wholly consonant with due process to authorize Applicant to conduct discovery on the Respondents, as the burden is "minimal or non-existent." *Nike I*, 349 F. Supp. 3d 310.

Therefore, Applicant has satisfied the first requirement under § 1782.

**B.**  **The Discovery sought is for use in a proceeding in a foreign tribunal**

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). *Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012); see also *Mees*, 793 F.3d at 299 ("an applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success."). Applicant satisfies this statutory requirement because the discovery sought through the instant Application is for use in contemplated and pending proceedings before a foreign tribunal. Filippova Decl. ¶¶3, 27-34.

A Section 1782 application can be made as long as the foreign proceeding is "within reasonable contemplation" at the time the 1782 application is filed, but need not be pending or imminent. *Intel*, 542 U.S. 241, 248; see also *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding"). Seeking information to plead or prove a claim that has already been identified and articulated with particularity is be authorized under Section 1782. *In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017); see also *In re Hornbeam Corp.*, 722 F. App'x 7 (A foreign proceeding was reasonably contemplated where the applicant represented in a sworn declaration that it intended to initiate litigation and articulated a theory on which it intended to litigate).

Alexandra Filippova , counsel for Applicant in the Foreign Proceedings, explains in his Declaration that Applicant is a creditor to bankruptcy proceedings against the Foreign Defendant wherein Applicant has brought subsidiary liability claims against the former CEOs and Beneficial Owners of the Debtor, before the Court of Zabaykalsky Region, and also intends to move the Court of Moscow City and the Court of Kaluga Region under Article 213.28 (4) of the Russian Bankruptcy Law to reinstate the bankruptcy proceedings against the Guarantors because they have fraudulently concealed, dissipated, misappropriated, or assigned their assets to the detriment of Applicant. Filippova  Declaration, ¶¶3, 27-34. Applicant has therefore identified and articulated with particularity the Claims that is intends to bring in the Foreign Proceedings before the Russian courts.

In light of the foregoing, Applicant meets the second requirement under Section 1782.

### C.   <u>Applicant is an Interested Person</u>

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance … qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S. at 256-7 (2004) (internal citations omitted); see also *In re Hornbeam Corp.*, 2015 U.S. Dist. LEXIS 142361.

Here, Applicant clearly possesses a reasonable interest in obtaining the assistance requested as a creditor in the Foreign Proceedings before the Russian courts. Filippova  Decl. ¶¶3, 27-34. *First*, Applicant is the claimant of in the subsidiary liability claims against the former CEOs and Beneficial Owners of the Debtor in the Pending Proceedings before the Court of Zabaykalsky Region. *Id*., ¶28. *Second,* Applicant is entitled by Russian Law, as a creditor, to "ask the court the reinstate terminated bankruptcy proceedings in cases where the debtor-individual concealed assets or illegally transferred them to third parties… [and] move the

bankruptcy court for such a reinstatement, [with] the opportunity to present evidence why the bankruptcy proceedings should be reinstated and the concealed assets liquidated". *Id.*, ¶31. *Third*, Applicant is further entitled under Russian Law to "introduce the evidence and records" needed "(1)  present the real picture of the Beneficial Owners' assets to the Russian courts, (2) identify the Debtor's and Beneficial Owners' concealed, assigned, or misappropriated assets in order to show the Russian courts that the Debtor and Beneficial Owners should not have been relieved from their obligations under Russian Bankruptcy Law; (3) provide the Court of Zabaykalsky Region with evidence that the Beneficial Owners have syphoned the Debtor's assets in breach of the Credit Facilities or caused the Debtor to misuse the funds lent by the Bank under the Credit Facilities and therefore should be held responsible for the payment of the Debt; and (4) ultimately recover the concealed or illegally transferred assets for payment of the Debt." *Id.* ¶35. See *KPMG*, 798 F.3d at 120; accord *In re Mangouras*, 2017 WL 4990655, at *6 (S.D.N.Y. 2017), vacated and remanded on other grounds, 980 F.3d 88 (2d Cir. 2020) (A creditor like Applicant is also an "interested person" if "the role of a creditor under the relevant jurisdiction's law might confer certain procedural rights that allow the creditor to participate and submit evidence in the proceeding.").

Therefore, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

## III.   APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS

As noted above, once the District Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant discovery in its discretion. *In re del Valle Ruiz*, 2019 U.S. App. LEXIS 30002. Additionally, that discretion must be guided by the twin policy aims of Section 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to

provide similar means of assistance to our courts. *Brandi-Dohrn*, 673 F.3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

*First*, there is no expectation that any of the Respondents will be participants in the Foreign Proceeding. Filippova  Decl. ¶40. As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use there. *Id*. Indeed, absent the relief sought here, the evidence would almost certainly remain outside the reach of the Russian courts. *Id*. Thus, since the Respondents will likely not be parties to the Foreign Proceedings, the need for the evidence sought herein through the instant Application is more apparent and this factor weighs in favor of granting recognition. *Intel*, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.")

*Second*, there is no indication that the foreign tribunal would be unreceptive to the evidence. Servin Decl. ¶41.

*Third*, the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Foreign Proceeding and does not otherwise circumvent any proof-gathering restriction under the laws of Russia. *Id.* Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." *Brandi-Dohrn*, 673 F.3d 76, 77.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited scope. Filippova  Decl. ¶42. The proposed requests to the Respondents, demonstrated in the sample subpoena attached as <u>Exhibit A</u> to the Application, seek limited records relating to wire transactions for which the New York Banks were involved as originating bank, beneficiary bank,

intermediate or correspondent bank to CHIPS, Fedwire, or where the New York Banks and TCH otherwise facilitated interbank funds transfers, as well as documents relating thereto, for the limited period beginning April 1, 2015 to the present. *Id*. This period is likely within the Respondents' document retention policies and the documentary evidence sought is of the type that Respondents regularly and easily retrieve and produce as third parties or actual parties in litigation. *Id*.; Vandenabeele Decl. ¶¶24-25.

For the foregoing reasons, each discretionary factor identified by the *Intel* Court weighs in favor of granting the Application.

## IV. APPLICANT SHOULD NOT BE REQUIRED TO GIVE NOTICE TO THE FOREIGN DEFENDANTS, THE DISCOVERY TARGETS AND THE RESPONDENTS

Applicant respectfully requests that it not be required to serve the Application upon (i) the Foreign Defendants, (ii) the Discovery Targets, or (iii) the Respondents. Applicant further requests that, should the Court grant this Application, Applicant not be required to serve (i) the Foreign Defendants or (ii) the Discovery Targets, with the order granting the Application and the subpoenas issued to the Respondents. Filippova Decl., ¶43.

As explained above, District Courts in the Second Circuit routinely handle §1782 requests on an *ex parte* basis. *In re Hornbeam Corp.*, 722 F. App'x 7. Courts have also held that "the ultimate target of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997). However, service on the party or parties against whom the discovery is likely to be used is not mandatory. While Federal Rule of Civil Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation and the Federal Rules of Civil Procedure govern subpoenas issued under 28 U.S.C. §

14

1782, it is within the Court's authority to "order otherwise." *In re Hornbeam Corp.*, 722 F. App'x 7; see also *In re Reyes*, 2019 WL 6170901, at *1 (S.D.N.Y. 2019).

Courts in this Circuit have exercised such discretion and declined to quash subpoenas automatically based on the lack of notice absent some showing of prejudice. *In re Speer*, 754 F. App'x 62, 63–64 (2d Cir. 2019), citing *Malmberg v. United States*, 2010 WL 1186573, at *2 (N.D.N.Y. 2010); *Ragusa v. United Parcel Serv.*, 2008 WL 4200288, at *1 (S.D.N.Y. 2008); see also *In re Hornbeam Corp., supra* (finding "no abuse of discretion" in a district court's decision not to quash or vacate a subpoena based on a finding that the movant "did not establish prejudice from the lack of notice").

Further, in *In re Olga Kurbatova*, the applicant requested that she not be required to serve an expected defendant in a contemplated Swiss proceeding. Case No. 18-mc-469 (S.D.N.Y. 2018). The applicant successfully argued that there would be no prejudice to the expected defendant, as he would be permitted to adjudicate the admissibility of any discovery received by the applicant in response to the application in the contemplated proceeding at the appropriate time. *Id.,* citing *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1101 (2d Cir. 1995) (stating that discovery and admissibility under foreign law is not relevant to the Section 1782 analysis because foreign courts are more appropriately positioned to rule on these issues).

Here, as explained in the Filippova  Declaration, the discovery sought from the Respondents will assist Applicant in revealing the Debtor's and/or the Beneficial Owners' fraudulent activities, and is therefore crucial to advance Applicant's Claims that the Foreign Defendants should not have been relieved from their obligations under Russian Bankruptcy Law because they have syphoned the Debtor's assets in breach of the Credit Facilities or caused the Debtor to misuse the funds lent by the Bank under the Credit Facilities, and concealed, assigned,

or misappropriated their assets in order to frustrate Applicant's recovery of the Debt. Filippova Decl., ¶44. Alexandra Filippova  further explains that, as a result of the investigation Applicant conducted, it has formed a reasonable conclusion that the Foreign Defendants have used a sophisticated web of entities to conceal their assets, and failed to disclose to the Russian courts the real scope of their ownership of assets that should have been used to pay the Debt in violation of Russian law. *Id*., ¶45.

Therefore, notice of the Application and of the order granting the Application (should the Court grant the Application), would greatly prejudice Applicant in that it would provide the Foreign Defendants and other fraudsters the opportunity to potentially further assign or conceal the assets that Applicant intends to show were misappropriated, and would frustrate and delay Applicant's full understanding of the fraudulent transfers of assets and, ultimately, Applicant's collection of said assets in repayment of the Debt or to otherwise recover the damages it has suffered. *Id*., ¶46.

Conversely, there would be no prejudice to the party against whom the discovery is likely to be used in the Foreign Proceedings as it would be permitted to adjudicate the admissibility of any discovery received by Applicant in the Foreign Proceedings at the appropriate time. *Id*., ¶47.

In light of the foregoing, the lack of notice of the Application would not prejudice the Foreign Defendants, the Discovery Targets, or the Respondents. Likewise, the lack of notice of the order granting the Application (should the court grant the Application) and subpoenas to the Respondents would not prejudice the Foreign Defendants or the Discovery Targets. Therefore, the Court should exercise its discretion and not require Applicant to give such notice.

## <u>CONCLUSION</u>

WHEREFORE, Applicant meets the statutory requirements under 28 U.S.C. § 1782 and

*Intel* discretionary factors, and this Application for an Order in the proposed, or substantially

similar form as submitted with the Application, should be granted.

Dated: April 4, 2022

Respectfully submitted,

By: _____
                    Thomas Vandenabeele

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for JSC "INGTORGSTROY"*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: tv@khgflaw.com